IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **07-cv-1403-JLK**

**ROCKY MOUNTAIN VISTA LIMITED PARTNERSHIP, an Arizona limited partnership,**

    Plaintiff,

v.

**G. JAE WEBSTER, an individual,**

    Defendant,

v.

**MARCUS & MILLICHAP INCORPORATED OF DENVER, and DOUGLAS A. DANNY,**

    Third Party Defendants.
_____

**ORDER**
_____

Kane, J.

This matter is before me on Third Party Defendants' Motion to Strike Third Party Complaint, filed October 8, 2007. Rule 14(a) governs this motion and provides that a defendant may file a third party complaint against a person who is not a party to the action only when that person "is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a).

In this case, Plaintiff Rocky Mountain Vista Limited Partnership ("RMV") has sued Defendant-Third Party Plaintiff G. Jae Webster for breach of contract, fraud, negligent and intentional misrepresentation and concealment, conversion, recission and

indemnification in connection with RMV's purchase of a commercial property from Webster. Accordingly, in order to maintain a complaint against a third party in this action, Webster must allege that the third party is or may be liable to her for all or part of RMV's claims against her.

Webster's third party complaint does not meet this requirement. In it, she seeks to recover the $60,000 commission she paid to Third Party Defendants Marcus & Millichap Incorporated of Denver and Douglas Danny as buyer's agents in her transaction with RMV. Her primary claim is that the Third Party Defendants are not entitled to the commission because Mr. Danny was not a licensed real estate broker in Colorado or California at the time of the transaction. Third Party Complaint (Doc. 3), ¶¶ 4-7. As Webster admits, this claim cannot be asserted in this action under Rule 14(a), as it is independent of RMV's claims against Webster.

Webster also alleges summarily in the Third Party Complaint that she is entitled to a refund of the commission paid to the Third Party Defendants if RMV succeeds in its claim for rescission of the purchase contract. Third Party Complaint, ¶ 8. Even assuming a right to this relief exists without more under the applicable substantive law, this claim does not satisfy Rule 14(a)'s requirements for asserting a third party complaint. It is not enough, as Webster argues, for the third party claim to be merely dependent in some fashion on the outcome of RMV's claim against Webster. As the language of Rule 14(a) makes clear, the Third Party Defendants must be at least potentially liable for some portion of RMV's claims against Webster. Webster's claim to recover the commission

paid to the Third Party Defendants merely because the purchase contract may be rescinded as a result of Webster's alleged wrongdoing does not meet this test.

The precedent cited by Webster in support of her Third Party Complaint is not to the contrary. In both cases she cites the issue addressed by the court was whether third party claims for contribution and indemnity could be maintained when the remedy sought in the main case was recission instead of damages. *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 393-94 (1st Cir. 1999); *Prudential Ins. Co. v. BMC*, 113 F.R.D. 100, 102-03 (S.D.N.Y. 1986). No such claim for contribution or indemnity is asserted by Webster against the Third Party Defendants.

For the reasons stated above, the Third Party Defendants' Motion to Strike Third Party Complaint (Doc. 6) is GRANTED. The claims against the Third Party Defendants are DISMISSED without prejudice.

IT IS SO ORDERED.

Dated this 14th day of November, 2007.

                                          s/ John L. Kane
                                          John L. Kane, Senior District Judge
                                          United States District Court